UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDRE VAN, ) | |
| ) | CASE NO. 4:18 CV 2695 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| MARK WILLIAMS, Warden, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Respondent. ) | **ORDER** |

*Pro Se* Petitioner Andre Van, a federal prisoner incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his petition, he challenges the constitutionality of his sentence. For the following reasons, the petition is dismissed.

On December 21, 2006, a jury convicted Van of drug distribution, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon in the District Court for the Eastern District of Michigan. *See United States v. Van*, No. 05-90038, 2013 WL 628574, at *1 (E.D. Mich. Feb. 20, 2013). On February 20, 2008, the court sentenced Van to 360 months' imprisonment. *Id.* Van states in his petition that as part of his sentencing, he was classified as a career offender under the United States Sentencing Guidelines because of a prior Michigan state conviction and received an enhanced sentence under the Sentencing Guideline's residual clause (§ 4B1.1). (*See* Doc. 1 at 4.)

Van appealed his conviction and sentence to the Sixth Circuit Court of Appeals, which affirmed them on June 29, 2011. (*Id*. at 1.) The Supreme Court denied Van's writ of certiorari on January 17, 2012. (*Id*.) On September 24, 2012, Van filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255 attacking his conviction, and it also was denied. (*Id*. at 2.)

The petition must be dismissed. District courts conduct a preliminary review of habeas corpus petitions to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to habeas petitions under §2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

Generally, habeas corpus petitions challenging the validity of a federal conviction or sentence are brought under 28 U.S.C. § 2255, whereas habeas petitions challenging the manner or execution of a sentence are brought under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). In *Hill v. Masters*, the Sixth Circuit held that a sentence-enhancement claim may be raised in a § 2241 petition in a "narrow subset" of cases by prisoners:

> (1) . . . who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

Van's petition on its face does not fall within *Hill*'s exception. He was not sentenced under the mandatory guideline regime pre-*United States v. Booker*, but was sentenced post-*Booker*, on February 20, 2008. (*See* Doc. 1 at 1.)

Accordingly, Petitioner's § 2241 petition for writ of habeas corpus is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 7, 2019  /s/ John R. Adams
Date  John R. Adams
 United States District Judge